# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

DEVERICK SCOTT,                                                                    PLAINTIFF
ADC # 131042

v.                                      5:15CV00007-BRW-JJV

WATSON, Warden, Varner
Supermax Unit; *et al.*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Deverick Scott ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 4).  He alleges that Defendant Tondra Spencer violated his First Amendment and privacy rights. (*Id*. at 5-11.)  Now, Defendant Spencer has filed a Motion for Summary Judgment ("Motion") (Doc. No. 27) seeking dismissal of all claims against her.  Plaintiff has responded (Doc. No. 30) and the matter is ripe for disposition.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and he moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825

(8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

In August 2011, Plaintiff filed a grievance alleging unspecified female correctional officers were intentionally looking at male isolation inmates while they showered. (Doc. No. 4 at 5.) It is unclear if this allegation is intended to implicate Defendant Spencer. More than a year later, on November 14, 2012, Defendant Spencer allegedly issued him a false disciplinary for indecent exposure (*Id*. at 6) which Plaintiff claims was in retaliation for a grievance he filed against her. (*Id*.) Then, in March 2014, Defendant Spencer allegedly issued him a second false disciplinary for indecent exposure (*Id*. at 9-11), which Plaintiff contends was in retaliation for a complaint he filed against her with the Arkansas Claims Commission ("ACC"). (*Id*.)

Defendant Spencer argues that: (1) any allegations related to Plaintiff's August 2011 grievance are barred by the statute of limitations; (2) Plaintiff did not exhaust his administrative remedies with respect to the November 2012 disciplinary conviction; (3) she is entitled to qualified immunity on all claims; and (4) Plaintiff's official capacity claims against her are barred by sovereign immunity. After careful review of the pleadings submitted by both parties, I conclude, for the reasons stated hereafter, Defendant Spencer is entitled to summary judgment.

### A.    Official Capacity Claims

It is settled law that an official capacity claim for damages against a state or municipal actor is akin to a claim against the state or municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  It necessarily follows that official capacity claims for damages against state employees are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). It is undisputed that Defendant Spencer was, at all times relevant to this suit, an employee of the Arkansas Department of Correction ("ADC").  Plaintiff's official capacity claims for damages against her are, therefore, barred by sovereign immunity.

Plaintiff also seeks a declaratory judgment asserting Defendant Spencer's alleged invasion of his privacy violated his rights under the Fourth and Fourteenth Amendments, as well as Arkansas state law. (Doc. No. 4 at 16.)  This official capacity claim  is not barred by sovereign immunity, but its issuance is still inappropriate. *See Corliss v. O'Brien*, 200 Fed. Appx. 80, 84 (3rd Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct.").  Finally, Plaintiff requests a number of forms of injunctive relief, but none of these implicate Defendant Spencer.  The relevant parties – Randy Watson, Ray Hobbs, and Grant Harris – were previously dismissed from this action. (Doc. No. 10.)

Based on the foregoing, all of Plaintiff's official capacity claims should be dismissed.

### B.    Statute of Limitations

Defendant Spencer correctly asserts the statute of limitations in a section 1983 action tracks the forum state's statute of limitations for a personal injury claim. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).  In Arkansas the relevant period is three years. *Id*. (citing Ark. Code Ann. § 16-56-105).  Plaintiff filed this action on January 8, 2015 (Doc. No. 2) and, to the extent he asserts any claims against Defendant Spencer arising from incidents in August 2011, those claims are

barred.

### C.    Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

Here, Defendant Spencer seeks dismissal of claims related to the November 2012 disciplinary conviction. (Doc. No. 28 at 5-8.) She submits documentation showing Mr. Scott failed to appeal his disciplinary conviction to the Director as required. (Doc. 29-2 at 3.) So I agree that any claims related to Plaintiff's alleged wrongful conviction should be dismissed as unexhausted. He was afforded an opportunity to contest this conviction administratively, but failed to fully exhaust those procedures. (Doc. No. 29-2 at 1-3.) However, his retaliation claim arising from this transaction is distinct and Defendant Spencer has not shown any evidence he failed to exhaust this claim. The alleged retaliatory conduct (the issuance of the disciplinary as retaliation) stands apart from the separate injury which resulted from that conduct (Plaintiff's wrongful disciplinary conviction). *See Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994) (holding "[b]ecause the retaliatory filing of a disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, *the injury to this right inheres in the retaliatory conduct itself.*") (emphasis added).

Accordingly, Plaintiff's claims regarding his wrongful disciplinary conviction in 2012 are dismissed as unexhausted.

D.      **Qualified Immunity**

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

1.      Retaliatory Disciplinary Claims

Plaintiff alleges  Defendant Spencer retaliated against him on November 14, 2012, for filing

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

a grievance against her, and again on March 26, 2014, for naming her in an ACC complaint.  (Doc. No. 4 at 6-11.)  Defendant Spencer has submitted evidence showing there is no merit to these claims, thus no violation of Plaintiff's rights.  I have reviewed this evidence and I find Defendant Spencer is entitled to qualified immunity on this basis.

The affidavit of Sharon Cantrell, Varner Unit Grievance Officer, states Spencer was not named in any of Plaintiff's grievances prior to the issuance of the major disciplinary on November 14, 2012.  (Doc. No. 29-4 ¶ 5.)  Rather, Plaintiff first named Spencer in grievance VSM-12-04500 which was received by prison officials on December 10, 2012.  (*Id.*; Doc. No. 29-3.) Plaintiff counters that Defendant Spencer, in her discovery responses, admitted to being "written up" in a grievance in the weeks preceding November 14.  (Doc. No. 30 at 1; Doc. No. 31 at 18.)  But the record contains no such grievance.  And while a discrepancy, I find this fails to amount to a genuine issue of material fact on this point.

With respect to the March 2014 retaliation claim, Defendant Spencer states she had no knowledge of Plaintiff's ACC claims prior to issuing the relevant disciplinary.  (Doc. No. 29-8 ¶ 13.) She emphasizes that Plaintiff never sent her a copy of his ACC complaint, which was instead mailed directly to ADC in-house counsel, Lisa Wilkins.  (Doc. No. 29-6 at 4.)  Plaintiff argues even if Spencer was never apprised of his ACC claims, she was aware of the grievances he had filed concerning those claims.  (Doc. No. 31 at 6.)  He cites only one grievance – VSM 12-04500 – which was received on December 10, 2012, more than a year before the March 2014 disciplinary was issued. (Doc. No. 31 at 8-11.)

Most fatal to these claims, however, is the fact that Plaintiff was found guilty[2] at both

_____

[2]I note Plaintiff was not found guilty of all counts at his November 2012 disciplinary hearing. He was found not guilty on the indecent exposure count, but was guilty of failing to obey an order from prison staff and a "felony act or misdemeanor."  (Doc. No. 29-2 at 2.)  Plaintiff maintains the

disciplinary hearings.  (Doc. No. 29-2 at 2; Doc. No. 29-7 at 2.)  It is well settled that retaliation claims fail if the alleged disciplinary violations were issued for the actual violation of prison rules. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990).  In weighing Plaintiff's disciplinary violations, I must consider whether they were supported by "some evidence." *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008).  The Court of Appeals for the Eighth Circuit has held "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Id*. at 831.  Here, Plaintiff was convicted - in November 2012 and again in March 2014 - of prison rules violations by impartial hearing officers based on Defendant Spencer's reports.  (Doc. No. 29-2 at 2; Doc. No. 29-7 at 2.)  Plaintiff argues the hearing officers were biased against him and the ADC itself is corrupt (Doc. No. 30 at 2; Doc. No. 31 at 5), but these conclusory allegations are insufficient to overcome the "some evidence" rule.[3]

Based on the foregoing, I recommend Plaintiff's retaliation claims against Defendant Spencer be dismissed with prejudice.

2.      Right to Privacy

Plaintiff maintains his privacy rights were violated when Defendant Spencer observed him

---

fact that he was not guilty of indecent exposure renders his other convictions invalid.  (Doc. No. 30 at 1.)  This argument is wholly unsupported and plainly contradicted by the adjudication of guilt found in the record, however.

[3]Plaintiff also argues his disciplinary hearings violated his due process rights because he was precluded from introducing certain video evidence.  (Doc. No. 33 at 2.)  Defendant Spencer had no involvement in determining the procedures governing his hearings, however.  (Doc. No. 29-8 ¶ 6.) To the extent Plaintiff argues the failure to admit certain video footage as evidence precludes the "some evidence" rule, he is mistaken.  He was afforded a hearing before an unbiased officer and found guilty based on staff reports.  (Doc. Nos. 29-2, 29-7.)  Those reports constitute "some evidence." *See Superintendent v. Hill,* 472 U.S. 445, 455 (1985) (holding due process requirements satisfied where prison disciplinary hearing determination is supported by some evidence.).

showering. His argument finds no support in precedent. *See Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) (holding "[w]hatever minimal intrusions on an inmate's privacy may result from [opposite sex] surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities."); *see also Hill v. McKinley*, 311 F.3d 899, 905 (8th Cir. 2002) ("[T]he relevant authority indicates that prisoners are entitled to very narrow zones of privacy, and circumstances may warrant the most invasive of intrusions into bodily privacy.").

### 3.   Negligence Claims

In his Amended Complaint, Plaintiff alleges Defendant Spencer was negligent for intentionally looking into his shower. (Doc. No. 4 at 14.) It is well settled that negligence claims are not actionable under section 1983. *See Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005). Given Plaintiff characterizes this claim as proceeding under Arkansas tort law, I recommend it be dismissed without prejudice so he may, if he chooses, bring it in state court.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Defendant's Motion for Summary Judgment (Doc. No. 27) be GRANTED.

2.   Plaintiff's claims regarding his November 2012 disciplinary conviction and his negligence claims be DISMISSED without prejudice.

3.   All other claims be DISMISSED with prejudice.

4.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 6th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE